**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

Attorneys for Plaintiff and the alleged Class

*Attorneys for Plaintiff and the Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WIGOD, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>CALLFIRE, INC. a Delaware corporation,<br><br>       Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lee Wigod ("Wigod" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant CallFire, Inc. ("CallFire" or "Defendant") to stop its practice of sending unsolicited text messages to cellular telephone users: (1) even after the users request for such

messages to "Stop" and (2) whose cellphone numbers are registered on the National Do Not Call registry. Plaintiff seeks redress, including injunctive relief, for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff Lee Wigod is a natural person and a resident of Cook County, Illinois.

2.      Defendant CallFire, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1410 2nd Street, Suite 200, Santa Monica, California 90401. Defendant conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, made and continues to make unsolicited text message calls from this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

4.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

5.      CallFire is a cloud telephony services provider that provides mobile marketing services and text messaging platforms to its clients.

6.      At all times material to this Complaint, Defendant was and remains fully aware that unsolicited telemarketing text messages are being made to consumers' cellular telephones through its own efforts and through the efforts of its agents .

7.      Defendant's text messaging system, including without limitation its use of a shortcode, qualifies as an automatic telephone dialing system ("ATDS") in that it has the capacity to store and dial random numbers, en masse, without human intervention. The messages in this case were not transmitted individually. Defendant or its agents caused the text messages to be sent using such equipment to the entire Class defined below.

8.      The calls were for telemarketing purposes and offered or announced the availability of goods or services.

9.      The calls were made by or on behalf of Defendant, with Defendant's knowledge and approval. Defendant has knowingly received the benefit of the calls and has ratified the making of the calls.

10.     Defendant knowingly made (and continues to make) unsolicited telemarketing text messages without the prior express written consent of the recipients, knowingly continued to call them after requests to stop, and knowingly sent multiple messages to cellphone users whose numbers are registered on the Do Not Call List. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

CLASS ACTION COMPLAINT                          3

# FACTS SPECIFIC TO PLAINTIFF WIGOD

11.   On July 27, 2005, Plaintiff Wigod registered his cellphone number, last four digits 2826, on the National Do Not Call Registry.

12.   On February 13, 2019, at 11:32 AM Plaintiff received an unsolicited text message to his cellphone, last four digits 2826, from Defendant using SMS shortcode 670-76. This February 13, 2019 text message read, "Hi, it's Kelly! I've been trying to reach you!! ONLY 2 DAYS LEFT to apply for Health Insurance starting 2/15. Call me ASAP at 8447474995 Reply STOP to opt out".

13.   Plaintiff replied "Stop", per the instructions.

14.   In response to his "Stop" request, Plaintiff received a text message that stated "CallFire Alerts: You have opted out of this program & will no longer receive any messages".

15.   Despite this "Stop" request and CallFire's confirmation of this "Stop" request, Plaintiff received another text message from CallFire's 670-76 shortcode the very next day on February 14, 2019. This message read "Valentine's Day Sale :) – UP TO 30% OFF ALL HOME WARRANTY PLANS + FREE MONTH – Cover A/C, Heating, Appliances & More! Call 800-236-9065. Reply STOP to opt out".

16.   Plaintiff replied "Stop" for a second time and again received a text response from CallFire stating "CallFire Alerts: You have opted out of this program & will no longer receive any messages".

17.   Despite making two "Stop" requests and CallFire confirming his "Stop" request twice, Plaintiff received additional text messages from CallFire's shortcode 670-76 on February 15, 2019 and March 11, 2019.

18.   Screen shots of the text messages are reproduced below:

2:49      ..ll LTE ▬

‹ 8

670-76

i

Wed, Feb 13, 11:32 AM

Hi, its Kelly! I've been trying to reach you!! ONLY 2 DAYS LEFT to apply for Health Insurance starting 2/15. Call me ASAP at 8447474995 Reply STOP to opt out

Thu, Feb 14, 1:25 PM

Stop

CallFire Alerts: You have opted out of this program & will no longer receive any messages.

Valentine's Day Sale :)  - UP TO 30% OFF ALL HOME WARRANTY PLANS + FREE MONTH - Cover A/C, Heating, Appliances & More! Call 800-236-9065. Reply STOP to opt out

Stop

Text Message

CLASS ACTION COMPLAINT       5



19.     Plaintiff does not have a relationship with CallFire, never provided his telephone number to CallFire, never requested that CallFire send text messages to him or offer him its clients' services in any way.

20.     Simply put, Plaintiff has never provided his prior express consent to CallFire to send text messages to him and has no business relationship with CallFire.

21.     By sending unauthorized telemarketing text message calls as alleged herein, CallFire has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy.

22.    The calls disturbed and interfered with Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

23.    The calls also violated Plaintiff's right, having registered his cellphone number on the National DNC list, to not receive multiple calls within a 12-month period.

24.    In the present case, a consumer could be subjected to many unsolicited text messages, and continuous repeated invasions of privacy, as CallFire, simply ignores opt out requests that it receives and apparently fails to incorporate the National DNC List.

25.    To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals defined below, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

26.    On behalf of the Class, Plaintiff seeks an injunction requiring CallFire to cease all wireless text-messaging activities and an award of statutory damages to the Class members, together with costs, pre and post-judgment interest, and reasonable attorneys' fees.

## CLASS ALLEGATIONS

27.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Stop Call Class**: All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) sent text messages from Defendant's shortcode, (2) on the person's cellular telephone number, and (3) for the purpose of promoting a product or service, (4) after the person replied "STOP" or with a substantially similar command.

**DNC Registry Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) received text messages from Defendant's shortcode; (3) more than one time during any 12-month period; (4) where the person's telephone number had been listed on the National Do No Call Registry for at least thirty days at the time the text messages were received; (5) for the same purpose as Defendant texted Plaintiff; and (6) for whom Defendant claims it obtained consent in the same manner as Defendant claims it obtained consent to call the Plaintiff.

28.   The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

29.   **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages to thousands of consumers who fall into the definition of the Stop Call Class and the DNC Registry Class. Members of the Class can be identified through Defendant's records by reviewing Stop requests followed by additional text messages other than confirmations of the opt out and through Defendant's call records and the National Do Not Call List.

30.     **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      (a) whether Defendant systematically failed to honor STOP or similar requests;

      (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Class;

      (c) whether Defendant obtained prior express written consent to contact any class members;

      (d) whether Defendant sent multiple text messages to persons whose cellphone numbers had been registered on the DNC for at least 30 days; and

      (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

31.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

32.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as respective wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the

Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33.     Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

34.     A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et. seq.*)**
**(On Behalf of Plaintiff and the Stop Call Class)**

35.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36.     Defendant and/or its agent transmitted unsolicited text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Stop Call Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

37.     The telephone dialing equipment utilized by Defendant and/or its agent, which is substantially similar to a predictive dialer, dialed numbers from a

list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

38.     These text messages were sent randomly and/or made *en masse* and without the prior express written consent of the Plaintiff and the other members of the Stop Call Class to receive such wireless spam.

39.     Indeed, consent had been revoked by everyone since they each had responded with the common SMS codes to opt-out of further communications, such as "STOP," "REMOVE," "OPT OUT." or "CANCEL."

40.     Plaintiff and members of the Stop Call Class expressly requested that Defendant no longer send text messages to them, after which Defendant failed to place Plaintiff and members of the Stop Call Class on Defendant's internal do-not-call list.

41.     The text messages to Plaintiff and the Stop Call Class were made after any consent had been expressly revoked by responding with an opt-out request, such as "STOP." This alone violates the TCPA.

42.     Additionally, Defendant's supposed opt out mechanism isn't cost free. Among other things, it requires the transmission of data from the user's cell phone that results in a reduction of the user's allowable data.

43.     Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

44.     As a result of such conduct, Plaintiff and the other members of the Stop Call Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

45.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of

statutory damages recoverable by Plaintiff and the other members of the Stop Call Class.

46. Plaintiff is also entitled to injunctive relief and corresponding declaratory relief to ensure that the calls stop.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, et seq.**
**(On behalf of Plaintiff and the DNC Registry Class)**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

49. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

50. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

51.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple text message telephone solicitations to telephone subscribers such as Plaintiff and the DNC Registry Class members who registered their respective cellphone numbers on the National Do Not Call Registry at least 30

days prior to the start of the calls. These consumers requested to not receive calls from Defendant as set forth in 47 C.F.R. § 64.1200(d)(3).

52.     Defendant caused more than one unsolicited text message to be sent to Plaintiff within a 12-month period without Plaintiff's prior express written consent to receive such calls. Defendant also made more than one unsolicited telephone call to each member of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the DNC Registry Class never provided any form of consent to receive telephone calls from Defendants, oral or written, and/or Defendants do not have a current record of consent to place telemarketing calls to them.

53.     Defendant violated 47 U.S.C. § 227(c)(5) by placing more than one call to Plaintiff and the Class in a 12-month period despite the fact Plaintiff and the Class members' telephone numbers were registered on the national Do Not Call list for more than 30 days.

54.     Defendant also violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential telephone subscribers, such as Plaintiff and the DNC Registry Class, without instituting procedures that comply with minimal regulatory standards, including having a written policy for maintaining a list of persons who request not to receive telemarketing text messages, and by not informing and training its personnel or agents engaged in telemarketing in the existence and use of any such do-not-call policy or list.

55.     As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the DNC Registry Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

56.     Should the Court determine that Defendants' conduct was willful and

knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the DNC Registry Class.

57.     Plaintiff is also entitled to appropriate injunctive relief and corresponding declaratory relief requiring Defendant to implement do not call procedures and to cease making repeated unsolicited calls to numbers listed on the national Do Not Call registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lee Wigod, individually and on behalf of the Classes, prays for the following relief:

1.     An order certifying the Stop Call Class as defined above, appointing Plaintiff Lee Wigod as the representative of the Stop Call Class, and appointing his counsel as Class Counsel;

2.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

4.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

5.     An injunction requiring Defendant to honor STOP requests and similar requests and otherwise protecting the interests of the Stop Call Class;

6.     An injunction requiring Defendant to scrub its list of phone numbers against the National Do Not Call registry.

7.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

CLASS ACTION COMPLAINT                    15

8.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: April 15, 2019          **LEE WIGOD**, individually and on behalf of all others similarly situated,

By: s/ Aaron D. Aftergood
One of Plaintiff's Attorneys

**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* Pro Hac Vice admission to be sought

CLASS ACTION COMPLAINT                    16