Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone: (202) 879-3939
Facsimile:  (202) 626-1700

Counsel for Defendant CALLFIRE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEE WIGOD, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC.,<br><br>Defendant. | Case No. 2:19-cv-02874-SVW-MAA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Date:  July 15, 2019<br>Time:             1:30 P.M.<br>Place:            10A<br><br>Complaint filed: April 15, 2019 |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................... ii
INTRODUCTION ..................................................................................................... 1
SUMMARY OF ARGUMENT ................................................................................. 1
ARGUMENT ............................................................................................................. 2
I. PLAINTIFF DOES NOT—AND CANNOT—ALLEGE THAT CALLFIRE INITIATED THE TEXT MESSAGES AT ISSUE IN THIS CASE .......................................................................................................... 2
    A. Plaintiff Does Not—And Cannot—Dispute That Only Initiators Of Calls Have TCPA And Do-Not-Call Registry Liability .................. 2
    B. CallFire Neither Initiates Calls Itself Nor Has A High Degree Of Involvement In Placing Calls ................................................................ 3
    C. Courts Routinely Resolve Whether A Party Is An Initiator At The Motion To Dismiss Stage, And Plaintiff Has Offered No Reason Why This Court Should Decline To Do So Here ..................... 4
II. PLAINTIFF DOES NOT—AND CANNOT—ALLEGE THAT CALLFIRE IS AN ATDS ........................................................................... 6
    A. Plaintiff Improperly Introduces New Allegations In An Attempt To Save His ATDS Claim ..................................................................... 6
    B. CallFire Is Not An ATDS As A Matter Of Law ................................... 8
III. AS A COMMON CARRIER, CALLFIRE IS IMMUNE FROM TCPA LIABILITY .................................................................................................. 9
    A. CallFire Is A Common Carrier As A Matter of Law ......................... 10
    B. None Of The Exceptions To The Rule Against Common Carrier Liability Apply Here ............................................................................ 11
CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**                                       **Page**

*Adams v. Johnson*, 355 F.3d 1179 (9th Cir. 2004) .................................................... 4

*Couser v. Pre-paid Legal Services, Inc.,* 994 F. Supp. 2d 1100 (S.D. Cal. 2014) ................................................................................................................. 11

*Derby v. AOL, Inc.*, 15–cv–00452, 2015 WL 3477658 (N.D. Cal. Jun. 1, 2015) ................................................................................................................. 9

*Duran v. La Boom Disco, Inc.*, No. 17-cv-6331, 2019 WL 959664 (E.D.N.Y. Feb. 25, 2019) ................................................................................... 8

*Hulsey v. Peddle, LLC*, CV 17-3843, 2017 WL 8180583 (C.D. Cal. Oct. 23, 2017) ............................................................................................... 6, 7

*Kauffman v. CallFire, Inc.*,
141 F. Supp. 3d 1044 (S.D. Cal. 2015) (*Kauffman II*) ............................... 3, 9, 10

*Kauffman v. CallFire, Inc.*,
No. 3:14-cv-1333, 2014 WL 12778843 (S.D. Cal. Sept. 9, 2014) (*Kauffman I*) ............................................................................................. 5, 6

*Linlor v. Five9, Inc.*,
No. 17-CV-00218, 2017 WL 2972447 (S.D. Cal. July 12, 2017) ..................... 10

*Luna v. Shac, LLC*, 122 F. Supp. 3d 936 (N.D. Cal. 2015) ................................. 8, 11

*Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018) ........................... 9

*McKenna v. WhisperText*, No. 5:14-cv-00424, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ..................................................................................... 4

*Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018), *appeal pending* ....................................... 4, 5

# TABLE OF AUTHORITIES

**Page**

*Naiman v. Freedom Forever, LLC*, No. 19-cv-00256, 2019 WL
   1790471 (N.D. Cal. Apr. 24, 2019) .................................................................. 4, 8

*Ramos v. Hopele of Fort Lauderdale, LLC*, 334 F. Supp. 3d 1262 (S.D.
   Fla. 2018) .................................................................................................................. 8

*Rinky Dink, Inc. v. Electronic Merchant Systems*,
   No. C13-1347-JCC, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015) ................... 5

**OTHER AUTHORITIES**

47 U.S.C. § 227(b)(1)(A) ............................................................................................ 2

47 C.F.R. § 64.1200(c) ............................................................................................... 3

Fed. R. Civ. Pro. 56(a) ............................................................................................... 8

*In the Matter of Enforcement of Prohibitions Against the Use of
   Common Carriers for the Transmission of Obscene Materials*,
   Memorandum Opinion, Declaratory Ruling and Order, 2 FCC Rcd.
   2819 (1987) ......................................................................................................... 11, 12

*In the Matter of Rules and Regulations Implementing the TCPA of
   1991*, 7 FCC Rcd. 8752 (1992) ............................................................................. 10

*Rules and Regulations Implementing the Telephone Consumer Protec-
   tion Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961,
   7980 (2015) (*TCPA Declaratory Ruling*) ............................................................ 2, 3

# INTRODUCTION

In his Response in Opposition to CallFire, Inc.'s ("CallFire") Motion to Dismiss ("Opposition" or "Opp."), Plaintiff simply repeats the same failed legal theories he advanced in his Complaint, but repetition cannot salvage his case. Plaintiff admits throughout his Opposition that, in case after case, CallFire has been found to have *no* Telephone Consumer Protection Act ("TCPA") liability, and yet he somehow expects a different result in this materially indistinguishable case. Plaintiff's primary argument is that his claims satisfy Rule 12(b)(6)'s minimum plausibility threshold, and thus the actual facts supporting his legal theories can be sorted out later, after subjecting CallFire to costly discovery. Rule 12(b)(6)'s pleading standard, however, is designed to protect meritorious claims that would be difficult to prove short of discovery; it is not meant to shield frivolous and conclusory allegations like Plaintiff's from dismissal. Plaintiff is attempting to force CallFire, yet again, to defend itself against the very same TCPA claims it has already successfully—and repeatedly—defeated. But Plaintiff's Complaint is legally and factually insufficient, and it must be dismissed.

# SUMMARY OF ARGUMENT

In his sparse Opposition, Plaintiff has proffered no law or facts sufficient to sustain his Complaint. CallFire is immune from Plaintiff's TCPA claims for three independent reasons: (1) CallFire does not initiate text messages; (2) CallFire is not, and does not use, an ATDS; and (3) CallFire is a common carrier.

*First*, Plaintiff does not dispute that only initiators of messages can have TCPA liability. CallFire neither initiates messages nor has a high degree of involvement in sending them. In fact, the key case upon which Plaintiff relies to support his argument on this point found that Callfire *did not* have a sufficient degree of involvement to be held liable under the TCPA. *See infra* Part I.

*Second*, Plaintiff has not satisfied his burden of pleading the use of an ATDS. *See infra* Part II. In a last ditch effort to bolster his Complaint, Plaintiff's Opposition

introduces novel ATDS allegations, which, of course, this Court cannot consider. But even if it could, CallFire is not an ATDS as a matter of law.

*Third*, Plaintiff utterly fails to dispute CallFire's status as a common carrier that is immune from TCPA liability. And despite Plaintiff's convoluted argument to the contrary, none of the exceptions to common carrier immunity apply to CallFire: CallFire does not have a high degree of involvement in sending text messages and does not receive actual notice of any allegedly illegal uses of its services.

For all of these reasons, Plaintiff's Complaint remains insufficient as a matter of law, and it should accordingly be dismissed with prejudice.

## ARGUMENT

### I. PLAINTIFF DOES NOT—AND CANNOT—ALLEGE THAT CALL-FIRE INITIATED THE TEXT MESSAGES AT ISSUE IN THIS CASE

Plaintiff wisely does not dispute the fact that only the initiator of a call can incur TCPA liability. Instead, he attempts to dress up his legal conclusions as factual allegations in an attempt to meet his burden of pleading. But as Plaintiff himself acknowledges, *see* Opp. at 8–9, this Court is not bound by Plaintiff's legal conclusions. And numerous courts have dismissed conclusory TCPA allegations like Plaintiff's for failure to state a claim under Rule 12(b)(6). This Court should do the same.

#### A. Plaintiff Does Not—And Cannot—Dispute That Only Initiators Of Calls Have TCPA And Do-Not-Call Registry Liability

Plaintiff does not challenge CallFire's abundant authority holding that only the initiator of calls can be subject to liability under the TCPA. And this is not surprising, given that the TCPA itself, the Federal Communications Commission ("FCC"), federal regulations, and courts within the Ninth Circuit all agree that the TCPA imposes liability only on initiators. *See* Mem. of P&A In Supp. of Mot. to Dismiss. at 9, 14–15 [hereinafter "Memo."]; *see also* 47 U.S.C. § 227(b)(1)(A) ("It shall be unlawful for any person . . . to *make* any call . . . .") (emphasis added); *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7980 (2015) [hereinafter *TCPA Declaratory Ruling*];

47 C.F.R. § 64.1200(c).  Therefore, because CallFire does not initiate any calls, it does not have TCPA or do-not-call registry liability, and Plaintiff's Complaint should be dismissed in its entirety on this basis alone.

    **B.**    **CallFire Neither Initiates Calls Itself Nor Has A High Degree Of Involvement In Placing Calls**

Seemingly recognizing that CallFire does not initiate calls, Plaintiff pivots to arguing that CallFire had sufficient involvement in placing the text messages at issue so as to incur TCPA liability.  That claim, however, is entirely without merit.

The FCC has ruled that a platform provider "does not make or initiate a text when [its customer] merely uses the [software]" to initiate messages that *the customer or user controls*.  *TCPA Declaratory Ruling* ¶ 25, at 7978.  Thus, a provider, like CallFire, is not an "initiator" where the "app user determines whether to send the . . . messages," and the platform provider "*does not control* the recipients, timing, or content" of the messages.  *Id.* ¶¶ 31, 33, at 7981–82 (emphasis added).  As Plaintiff admits, a court in this very district has applied this FCC definition to CallFire and found that CallFire is not an initiator.  *See* Opp. at 5; *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044, 1047 (S.D. Cal. 2015) (*Kauffman II*).  Oddly, Plaintiff cites *Kauffman II* for the proposition that a defendant can be liable under the TCPA if it is "so involved in placing the call as to be deemed to have initiated it."  Opp. at 5 (quoting *Kauffman II*, 141 F. Supp. 3d at 1047)).  But Plaintiff conveniently omits material language from the very same paragraph in *Kauffman II*: "[W]hen a text messaging service requires its customers to determine the content, timing, and recipients of a text message, then the service has not initiated the message."  *Kauffman II*, 141 F. Supp. 3d at 1047–48 (citing *TCPA Declaratory Ruling* at 7983–84).

*Kauffman II* is dispositive here.  CallFire merely provides a communications transmission service, and mere transmission is not actionable under the TCPA.  Its customers initiate the messages that CallFire transmits.  CallFire does not directly initiate messages.  *See* Compl. ¶ 36 (CallFire "transmitted" messages).  Plaintiff

pleads no factual allegations to suggest that CallFire had any involvement in "selecting the content, timing, and recipients" of the text messages he received, as is required for TCPA liability. *Kauffman II*, 141 F. Supp. 3d at 1050. Indeed, the *Kauffman II* court held, *as a matter of law*, that CallFire's involvement in sending messages is insufficient to incur TCPA liability. *See id.* This Court should reach the same legal conclusion here.

### C. Courts Routinely Resolve Whether A Party Is An Initiator At The Motion To Dismiss Stage, And Plaintiff Has Offered No Reason Why This Court Should Decline To Do So Here

Plaintiff urges this Court to let him proceed to costly and invasive discovery, but he wholly fails to address the fact that courts regularly dismiss TCPA claims for failing to plead initiation at the motion to dismiss stage. In its Memorandum, CallFire cited several cases in which courts dismissed TCPA complaints at the 12(b)(6) stage precisely because the defendant was not an initiator. *See Memo.* at 9; *see also Naiman v. Freedom Forever, LLC*, No. 19-cv-00256, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019); *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018), *appeal pending*; *McKenna v. WhisperText*, No. 5:14-cv-00424, 2015 WL 5264750 (N.D. Cal. Sept. 9, 2015). Instead of addressing this authority head on, Plaintiff falls back on the argument that this Court must take all of his factual assertions as true. *See* Opp. at 8–9. On this point, Plaintiff is correct. Unfortunately for Plaintiff, however, the so-called factual assertions on which he relies are nothing more than legal conclusions, to which this Court is obligated to give no weight. *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); Opp. at 8–9 (admitting that a court is "not bound to accept legal conclusions in a complaint"); Memo. at 7.

The instances of legal conclusions masquerading as facts throughout Plaintiff's Opposition are many. For example, to establish "actual notice of an illegal use," Plaintiff recites the legal conclusion that CallFire was "fully aware" of its customers'

actions. *Rinky Dink Inc. v. Electronic Merchant Systems*, No. C13-1347-JCC, 2015 WL 778065, at *4 (W.D. Wash. Feb. 24, 2015); Opp. at 9. To show initiation, Plaintiff regurgitates the formulaic elements of an initiation claim. *See, e.g.*, Opp. at 9 (claiming that the messages at issue had "CallFire's approval and ratification"); *see also Meeks*, 2018 WL 1524067, at *5 ("Though the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed."). Plaintiff also vaguely claims that CallFire "received a benefit" from the messages Plaintiff allegedly received. Opp. at 9. Nowhere in his Complaint or Opposition, however, does Plaintiff identify the facts on which these legal conclusions are based.

Indeed, the *only* factual allegations Plaintiff proffers to support his claim against CallFire are: (1) an unsubstantiated claim that the messages he received came from a CallFire number, and (2) the fact that he received two texts confirming his opt-out that contained the phrase "CallFire Alerts." *See* Opp. at 9. These two bare allegations are simply insufficient to survive CallFire's Motion to Dismiss.

With regard to the first allegation, Plaintiff offers nothing to tie the messages to CallFire, other than his bald assertion[1] that the number belonged to CallFire. *See* Opp. at 9; Compl. ¶ 15. Plaintiff's speculation on this point cannot pass muster under Rule 12(b)(6). In fact, the Southern District of California has addressed the sufficiency of nearly identical allegations against CallFire, and it held that such allegations were "insufficient to state a claim under the TCPA." *Kauffman v. CallFire, Inc.*, No. 3:14-cv-1333, 2014 WL 12778843, at *2 (S.D. Cal. Sept. 9, 2014) (*Kauffman I*); *see also* Memo. at 10. The failed *Kauffman I* complaint, much like Plaintiff's Complaint here, merely "state[d] that some of the messages came from a number that belongs to [CallFire]." *Kauffman I*, 2014 WL 12778843, at *2. Like the *Kauffman*

---

[1] Despite his apparent certainty that the shortcode belongs to CallFire, in the very next page of his Opposition—and in a thinly veiled attempt to get to discovery—Plaintiff contradicts himself and claims that "ownership of the shortcode may only be made certain through discovery." Opp. at 10.

*I* court, this Court should conclude that Plaintiff's unwarranted inference that the shortcode belongs to CallFire is insufficient to satisfy Plaintiff's burden of pleading.

Plaintiff's second allegation that he received messages containing the phrase "CallFire Alerts" is insufficient for the same reasons. Compl. ¶ 18. In *Kauffman I*, "[p]laintiff's complaint allege[d] that he received unwanted text messages and that, on information and belief, [CallFire] was the sender of these messages." *Kauffman*, 2014 WL 12778843, at *2. The *Kauffman I* Court rejected these allegations as insufficient to satisfy the plaintiff's burden of pleading. *See id.* The same result is necessary here. The fact that the messages Plaintiff allegedly received mentioned CallFire in no way compels the conclusion that CallFire initiated those messages. In fact, it is more plausible that the messages might reference CallFire because CallFire hosts a platform that transmits—but does not initiate—those messages. Much like the failed claims in *Kauffman I*, Plaintiff's allegations, "without further elaboration, are insufficient to state a claim under the TCPA." *Id.*

## II. PLAINTIFF DOES NOT—AND CANNOT—ALLEGE THAT CALLFIRE IS AN ATDS

Even if Plaintiff could plead that CallFire initiates text messages, his Complaint should still fail for the independent reason that CallFire is not, and does not use, an ATDS. In his Opposition, Plaintiff attempts to bolster his ATDS allegations by pleading new facts, but this Court cannot consider these late allegations when ruling on CallFire's Motion to Dismiss. Even if the Court were to consider those allegations, however, CallFire is not, and does not use, an ATDS as a matter of law, and thus Plaintiff's Complaint must still be dismissed.

### A. Plaintiff Improperly Introduces New Allegations In An Attempt To Save His ATDS Claim

As CallFire demonstrated in its Memorandum, Plaintiff's Complaint merely parroted the statutory elements of an ATDS, without pleading any facts to support his legal conclusions. *See* Memo. at 17. Numerous courts—including courts in this district—have dismissed such allegations as legally insufficient. *See id.* at 17–18;

1 *see also Kauffman I*, 2014 WL 12778843, at *2; *Hulsey v. Peddle, LLC*, CV 17-3843, 2017 WL 8180583 (C.D. Cal. Oct. 23, 2017).

*Hulsey* is instructive. In that case, the plaintiff—who was represented by Plaintiff's counsel here—merely recited the statutory elements of an ATDS in his complaint. The court dismissed the plaintiff's claims because his "allegations consist[ed] solely of paraphrases of the definition of ATDS as set forth in the TCPA." *Hulsey*, 2017 WL 8180583, at *2. Here, Plaintiff's rote recitation of the elements of an ATDS claim should be dismissed for the very same reasons.

In his Opposition, Plaintiff attempts to distinguish *Hulsey* by arguing that the court there dismissed the complaint because the plaintiff in that case provided her number on a website, which would suggest direct targeting inconsistent with the use of an ATDS. *See* Opp. at 16. This reading of *Hulsey*, however, is directly contradicted by the court's holding in that case. The *Hulsey* court unequivocally stated, as a basis for its decision, that it "agree[d]" with the defendant that the plaintiff's ATDS allegations were improperly "conclusory in nature." *Hulsey*, 2017 WL 8180583, at *2. The direct targeting argument was merely a secondary and alternative reason for the *Hulsey* court's decision to dismiss the case. *Id.*

Apparently recognizing the deficiencies of his ATDS allegations, Plaintiff has attempted to raise new allegations in his Opposition that are not contained in his Complaint. For example, Plaintiff claims in his Opposition that he received "generic and impersonal" text messages. Opp. at 14. Nowhere in his Complaint does Plaintiff allege that the messages were "generic and impersonal." His Opposition also states that the messages he allegedly received described "sales that could have been (and likely were) offered to countless other recipients with no change to the message." Opp. at 14. Plaintiff's Complaint contains no similar claims. Finally, Plaintiff's Opposition contends that he "received [opt out] replies that were delivered immediately." Opp. at 14. The Complaint does not, however, mention an immediate delivery of the messages confirming Plaintiff's opt out. In fact, the screenshots of the

messages—which Plaintiff included his Complaint—do not even contain a time stamp from which the timing of the opt outs can be inferred. *See* Compl. ¶ 18.

Despite these late attempts to bolster Plaintiff's Complaint, a court cannot, at the 12(b)(6) stage, consider factual allegations that are raised in an opposition brief, but not in the complaint. *See Naiman*, 2019 WL 1790471, at *3. "Thus, the additional factual allegations in Plaintiff's opposition do not cure the deficiencies in the complaint," and this Court should not consider Plaintiff's novel allegations when ruling on CallFire's Motion to Dismiss. *Id.*

**B.  CallFire Is Not An ATDS As A Matter Of Law**

Regardless of Plaintiff's new ATDS allegations raised for the first time in his Opposition, CallFire is not an ATDS as a matter of law. As CallFire noted in its Memorandum, courts across the country, including in the Ninth Circuit, have held that CallFire is not an ATDS as a matter of law. *See* Memo. at 18; *see also Luna v. Shac, LLC*, 122 F. Supp. 3d 936, 940–42 (N.D. Cal. 2015) (holding that CallFire is not an ATDS); *Ramos v. Hopele of Fort Lauderdale, LLC*, 334 F. Supp. 3d 1262, 1275 (S.D. Fla. 2018) ("[T]he EZ-Texting [(CallFire)] system used by [the initiator] was not an ATDS."); *Duran v. La Boom Disco, Inc.*, No. 17-cv-6331, 2019 WL 959664, at *4–*11 (E.D.N.Y. Feb. 25, 2019). Indeed, *no* court to consider the issue has ever held CallFire to be an ATDS. *See* Memo. at 18.

In his Opposition, Plaintiff makes three attempts to distinguish this case. Each of Plaintiff's arguments is unavailing. *First*, Plaintiff contends that, because these courts all found CallFire not to be an ATDS at the summary judgment stage, they offer no guidance here. *See* Opp. at 15. Plaintiff appears to forget, however, that summary judgment requires "no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). This means that the courts in *Luna*, *Ramos*, and *Duran* all held CallFire not to be an ATDS *as a matter of law*. Therefore, regardless of the facts that Plaintiff hopes to uncover through discovery in this case, CallFire is not an ATDS as a matter of law,

1  and thus his claims cannot possibly succeed.

2  *Second*, Plaintiff contends that none of the cases CallFire cites postdate *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018). *See* Opp. at 15. *Marks*, however, does not alleviate Plaintiff's burden of pleading facts sufficient to state a claim. *See* Memo. at 18–19. Plaintiff does not—and cannot—challenge that rule, regardless of the Ninth Circuit's holding in *Marks*. Plaintiff's ATDS claim thus remains legally insufficient, *Marks* or not.

*Third*, Plaintiff makes the bizarre argument that, because he has alleged that he received messages confirming his opt out—a fact that was not at issue in *Luna*, *Ramos*, and *Duran*—he has satisfied his ATDS burden. *See* Opp. at 15. In other words, Plaintiff seems to think that his "receipt of automated confirmatory messages" indicates the use of an ATDS and distinguishes this case from the numerous other cases holding that CallFire is not an ATDS. Opp. at 15. Unfortunately for Plaintiff, the fact that he received messages confirming his opt out has no bearing on whether CallFire is an ATDS.[2]

Plaintiff has wholly failed to plead any facts sufficient to support a finding that CallFire is an ATDS, and this failure alone requires the dismissal of his Complaint.

### III. AS A COMMON CARRIER, CALLFIRE IS IMMUNE FROM TCPA LIABILITY

Plaintiff makes little effort to challenge CallFire's status as a common carrier that is immune from TCPA liability. Instead, he offers that the Court can assess this question after subjecting CallFire to costly discovery. But discovery is not necessary

---

[2] Plaintiff also appears to forget that, regardless of whether an ATDS is used, to incur TCPA liability, an offender must *initiate* the message, which CallFire does not do. *See* Memo. at 13–14; *see also Kauffman II*, 141 F. Supp. 3d at 1047. Even assuming *arguendo* that CallFire did initiate the messages containing the phrase "CallFire Alerts," those messages served only to confirm Plaintiff's alleged opt out, and they are accordingly not actionable under the TCPA as a matter of law, regardless of whether the initial messages were sent without Plaintiff's consent. *See* Memo. at 16; *see also Derby v. AOL, Inc.*, 15–cv–00452, 2015 WL 3477658, at *5–*7 (N.D. Cal. Jun. 1, 2015). Plaintiff does not—and indeed cannot—challenge this fact. And even if CallFire had both initiated the confirmatory opt out messages and sent them using an ATDS—which it did not—Plaintiff still could not show that the other messages he received were sent with an ATDS or initiated by CallFire.

to resolve this issue. Plaintiff himself cites to authority that clearly held CallFire to be a common carrier immune from TCPA liability. *See* Opp. at 11. Apparently recognizing that CallFire is, indeed, a common carrier, Plaintiff next attempts to argue that CallFire is exempt from common carrier immunity, either because it is highly involved in placing calls or because it had actual notice of an illegal use of its services. These exceptions to common carrier immunity, however, do not apply here, and Plaintiff's arguments on this point necessarily fail.

### A.     CallFire Is A Common Carrier As A Matter of Law

Nothing uncovered during discovery could alter the conclusion that CallFire is a common carrier—and is thus immune from TCPA liability—as a matter of law. "'[U]sers of [telecommunications] services, not the carriers providing the services, [are] held liable' under the TCPA." *Kauffman II*, 141 F. Supp. 3d at 1048 (alterations in original) (quoting *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 7 FCC Rcd. 8752, 8776 n.83 (1992)); *see also Linlor v. Five9, Inc.*, No. 17-CV-00218, 2017 WL 2972447 (S.D. Cal. July 12, 2017).

As noted in its Memorandum, CallFire satisfies both prongs of the common carrier test. *See* Memo. at 20; *see also* Opp. at 5. *First*, CallFire offers its telephone service indiscriminately and on generally applicable terms to anyone that registers on its publicly available websites. *See* Memo. at 20. *Second*, CallFire allows its subscribers to transmit content of their own design and choosing. *See id.* Plaintiff does not challenge these facts; instead he simply insists that discovery is "require[d]" to make that determination. Opp. at 6. What Plaintiff hopes to find during discovery is unclear. Indeed, the cases Plaintiff cites for the proposition that discovery is required have all either held CallFire to be a common carrier as a matter of law or recognized that CallFire would not have TCPA liability in any event. *See* Opp. at 5–6 (citing *Kauffman II*, *Luna*, and *Couser*); *Kauffman II*, 141 F. Supp. 3d at 1050 ("By demonstrating that it is a [common] carrier that did not initiate the text messages Plaintiff received, Defendant CallFire has negated an essential element of Plaintiff's case.");

*Luna*, 122 F. Supp. 3d at 941 (holding CallFire not to be an ATDS); *Couser v. Pre-Paid Legal Services, Inc.*, 994 F. Supp. 2d 1100, 1106 (S.D. Cal. 2014) ("The Court strongly senses that [CallFire] has the better arguments in this case."). While those cases did generally reach the summary judgment stage, Plaintiff's allegations here are factually analogous—and materially indistinguishable—from the allegations in *Kauffman II*, *Luna*, and *Couser*, all of which were resolved in CallFire's favor. Plaintiff should not be permitted to force CallFire to relitigate the same baseless TCPA claims that court after court has already dismissed as insufficient as a matter of law.[3] This Court should accordingly dismiss Plaintiff's cookie-cutter Complaint for the reasons articulated by the courts in *Kauffman II*, *Luna*, and *Couser*.

### B. None Of The Exceptions To The Rule Against Common Carrier Liability Apply Here

Perhaps recognizing that CallFire is indisputably a common carrier, Plaintiff spends much of his Opposition attempting to argue that CallFire is subject to an exception to common carrier TCPA immunity. *See* Opp. at 5–8. The FCC has long exempted common carriers from liability for their subscribers' messages, unless they have a "high degree of involvement" in sending the messages or "actual notice" of the illegal use of their services. *In the Matter of Enforcement of Prohibitions Against the Use of Common Carriers for the Transmission of Obscene Materials*, Memorandum Opinion, Declaratory Ruling and Order, 2 FCC Rcd. 2819, ¶ 9, at 2820 (1987) [hereinafter *Common Carrier Immunity Order*]. Unfortunately for Plaintiff, none of these exceptions apply here.

*First*, Plaintiff's claim that CallFire had a high degree of involvement in sending the messages he received is unsupported by the allegations in his Complaint. And this is not surprising, because courts have routinely held, as a matter of law, that

---

[3] In fact, if Plaintiff were serious about prosecuting his TCPA claims, he would proceed against the CallFire customer who actually initiated the messages he allegedly received. If, in the course of litigating those claims, Plaintiff were to discover facts sufficient to suggest that CallFire could be liable, then he could re-file his claims against CallFire. But nothing in Plaintiff's Complaint as it currently stands could possibly support a TCPA claim against CallFire.

CallFire does not have a sufficient level of involvement in sending messages to be subject to this exception to common carrier immunity. *See supra* Section I.B.

*Second*, Plaintiff's claim that CallFire had actual notice of allegedly illegal uses of its services is entirely without merit. Plaintiff suggests that the mere fact that he received a confirmatory opt out message containing the phrase "CallFire Alerts" shows that CallFire had actual notice that its customers were using its services illegally. *See* Opp. at 7. That claim defies logic. Plaintiff proffers no facts to support his belief that CallFire knows who provides or revokes consent to receive messages from its customers and who does not. And this is not surprising, because it is CallFire's customers—as the initiators of their own messages—who receive consent and opt out requests, not CallFire.

Plaintiff claims that he "never provided his phone number" to CallFire, but he curiously fails to address whether he ever provided his phone number to any of CallFire's customers. Opp. at 16; *see also* Compl. ¶ 19. CallFire does not collect phone numbers; its customers do. Thus, the common sense conclusion from the face of the Complaint is that Plaintiff gave consent to several of CallFire's customers—including a home warranty provider and a health insurer—to receive text messages. When Plaintiff allegedly opted out of messages from one of these CallFire customers, he continued to receive messages from one of CallFire's other customers via a shared shortcode. Regardless of whether these continued messages were lawful, CallFire would not know whether Plaintiff ever gave or revoked his consent to receive messages. The "actual notice" exception to common carrier TCPA immunity accordingly does not apply. *See also Common Carrier Immunity Order* ¶ 9, at 2820 ("[I]t is unlikely that a telephone common carrier will *ever* possess sufficient knowledge of an illegal use of its facilities to be held liable [therefor]. . . ." (emphasis added)).

///
///

## **CONCLUSION**

For each of the foregoing reasons, CallFire, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Dated: July 1, 2019

Respectfully submitted,

By: */s/ Michael B. Hazzard*
Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:    (202) 879-3939
Facsimile:    (202) 626-1700

Counsel to Defendant
CALLFIRE, INC.