Aaron D Aftergood
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: 310-551-5221
Facsimile: 310-496-2840

Steven L. Woodrow*
  swoodrow@woodrowpeluso.com
Taylor T. Smith*
  tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Classes*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Lee Wigod**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **CallFire, Inc.**, a Delaware corporation, <br><br> Defendant. | Case No. 2:19-cv-02874-SVW-MAA <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Complaint Filed: April 15, 2019 |

1   Plaintiff Lee Wigod ("Plaintiff" or "Wigod") and Defendant CallFire, Inc.

2   ("Defendant" or "CallFire") jointly submit this Joint Case Management Statement

3   pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's

4   standing order.

5   **1.    Statement of the Case**

6   <u>Plaintiff's Position:</u> Plaintiff brings this alleged class action under the

7   Telephone Consumer Protection Act ("TCPA" or "Act"), 47 U.S.C. § 227, *et seq.*,

8   against Defendant CallFire to put an end to Defendant's unlawful telemarketing

9   practices. Specifically, the TCPA prohibits companies from sending autodialed

10  telemarketing text messages to cellular telephones where the recipient has revoked

11  prior express consent. The Act also makes it unlawful, absent any written consent,

12  to place repeated telemarketing text messages to consumers registered on the

13  National Do Not Call Registry.

14  Here, Defendant violated the Act by placing autodialed text messages to

15  Plaintiff's cellular telephone after he submitted a valid "stop" request. That is,

16  Plaintiff replied, "Stop" to text messages that he received from Defendant. CallFire

17  immediately sent a text message confirming this opt out, stating that Plaintiff would

18  "no longer receive any messages." Despite the stop requests and CallFire's

19  confirmation, CallFire continued to cause autodialed text messages to be placed to

20  Plaintiff's cellular telephone. Further, Plaintiff's phone number has been registered

21  on the National Do Not Call List since 2005, and Plaintiff never provided

22  Defendant with written consent to place the text messages at issue in this case.

23  Consequently, Plaintiff filed the instant case seeking statutory damages and

24  injunctive relief on behalf of himself and the proposed Classes of similarly situated

25  individuals.

26  <u>Defendant's Position:</u> Plaintiff alleges that he suffered injury as a result of

27  unsolicited text messages he received regarding health insurance and home

28

1   warranty plans, and yet he does not bring his claims against the businesses that

2   initiated those text messages as required by the law and common sense.  Instead,

3   Plaintiff brings this Complaint against CallFire, Inc., which is akin to suing AT&T

4   for the actions of AT&T's customers making phone calls.  CallFire does not—and

5   indeed, cannot—send texts.  Again, like AT&T and other common carriers,

6   CallFire carries the voice and text calls initiated by CallFire's subscribers.  And just

7   like AT&T, CallFire has no liability for its customer's actions.  The *only* allegations

8   Plaintiff proffers to support his claim against CallFire are:  (1) an unsubstantiated

9   claim that the messages he received came from a number assigned to CallFire's

10  network, and (2) the fact that he received two texts confirming his opt-out that

11  contained the phrase, "CallFire Alerts."  These tenuous claims do not establish

12  liability under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

13  The TCPA, in relevant part, restricts persons and entities (i.e., phone

14  company subscribers, not phone companies) from making telephone solicitations—

15  including text messages—using certain automated telephone equipment.  To

16  establish a violation of the TCPA, a plaintiff must show:  (1) the defendant made or

17  initiated the communications at issue—mere transmission of the communications is

18  not actionable under the TCPA; (2) the defendant used an automatic telephone

19  dialing system ("ATDS" or "auto-dialer") to make or initiate the communications;

20  and (3) the plaintiff did not solicit or consent to the received communications.

21  Similarly, to establish a Do-Not-Call Registry violation, 47 C.F.R. § 64.1200(c), a

22  plaintiff must prove that the violator *initiated* the allegedly offending messages.

23  CallFire has no liability under the TCPA because 1) CallFire does not initiate

24  messages; 2) CallFire is not—and does not use—an ATDS; and 3) CallFire has

25  common carrier immunity.  Further, Plaintiff's claims about opt outs are irrelevant

26  because 1) messages in response to opt out requests are not actionable; and 2) opt

27

28

outs run to the initiator of the messages, not CallFire.  As a matter of law, all of Plaintiff's claims fail.

**2.     Legal Issues**

Plaintiff's Position: Plaintiff anticipates that the case will involve the following legal issues:

(1)     Whether Defendant violated the TCPA;

(2)     Whether Defendant used an automatic telephone dialing system ("ATDS") to send the text messages;

(3)     Whether Defendant is liable for the text messages;

(4)     Whether and to what extent Defendant was involved with the sending of the text messages so as to be considered as having sent the text messages at issue;

(5)     Whether Defendant systematically placed telemarketing text messages to cellphone owners after they replied with a stop request;

(6)     Whether Plaintiff is entitled to injunctive relief;

(7)     Whether Plaintiff is entitled to recovery of attorney's fees and costs;

(8)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

(9)     Defendant's affirmative defenses.

Defendant's Position:

CallFire anticipates that the case will involve the following legal issues:

(1)     Whether Plaintiff and members of the putative class consented to receive text messages;

(2)     Whether TCPA liability extends only to those who initiate text messages;

(3)     The applicability of common carrier immunity;

(4)     The legal standard of an ATDS;

(5)   Whether the response to an "opt out" message can incur TCPA liability;

(6)   CallFire's affirmative defenses.

**3.   Damages**

Plaintiff's Position: Plaintiff seeks an award or actual monetary loss or the sum of five hundred dollars ($500.00) for each violation of the TCPA whichever is greater. If Defendant is determined to have acted willfully, Plaintiff seeks treble damages of one thousand five hundred dollar ($1,500.00) for each violation of the TCPA.

Defendant's Position: CallFire does not allege any damages at this time but reserves the right to do so.  CallFire has no knowledge of any damages suffered by Plaintiff or the putative class and further contends that damages in this case are unavailable under the TCPA.

**4.   Insurance**

Plaintiff's Position: Plaintiff does not possess any insurance coverage applicable to the claims at issue.

Defendant's Position: CallFire has no knowledge of any insurance coverage applicable to any claim against it in this action.  Pursuant to CallFire's Terms of Service, the entities that initiated the alleged text messages at issue must indemnify CallFire for all costs and expenses for third party claims arising out of their use of CallFire's services.

**5.   Motions**

Plaintiff's Position: Plaintiff anticipates the potential need to amend the pleadings to add parties and to conform the class definition to information obtained during the discovery process. Additionally, the Parties have already briefed CallFire's Motion to Dismiss (Dkts. 17, 24, 25), which is presently set for hearing.

Ultimately, Plaintiff also anticipates filing a Motion for Class Certification following an appropriate period of discovery.

Defendant's Position: CallFire may add parties.  CallFire will oppose Plaintiff's Motion for Class Certification.  CallFire does not anticipate filing other motions at this time.

**6.    Complexity**

Plaintiff's Position: This case is complex based on the fact that it presents an alleged class action, which will involve significant discovery, including discovery into CallFire's system and its involvement in processing "Stop" requests and transmitting the text messages at issue. The discovery process is likely to involve a high volume of documents, third parties (including Defendant's clients who also may have been involved in the making of the calls), and the likely need to engage in discovery of electronic data—which may require the assistance of an expert.

Defendant's Position: The legal issue in this case is simple—CallFire has no TCPA liability.  CallFire anticipates limited discovery into Plaintiff's and purported class members' consent to receive text messages and the fact that CallFire neither initiates text messages nor qualifies as an ATDS.

**7.    Status of Discovery**

Plaintiff served his First Set of Discovery Requests—including Requests for the Production of Documents and Interrogatories—on July 31, 2019. The Parties intend to exchange initial disclosures on August 13, 2019.

**8.    Discovery Plan**

Plaintiff's Position:

*(a)    Completion of Discovery;*

Plaintiff anticipates that meaningful discovery will be necessary in the case regarding both class certification and merits-based issues. The following is a non-

exhaustive list of subjects on which the Plaintiff expects discovery will be necessary:

(1)    The number of text messages (and the identities of the recipients of such messages) sent by Defendant to Plaintiff and others who responded with a "Stop" or similar request;

(2)    Defendant's dialing equipment that was utilized to place the text messages to Plaintiff and the proposed Classes constitutes an automatic telephone dialing system under the TCPA;

(3)    Defendant's policies and procedures for recording and honoring stop requests;

(4)    Any of Defendant's clients involved in the sending of the text messages at issue in this case, including the receipt and processing of any Stop requests or similar commands;

(5)    Defendant's policies and procedures in place to ensure compliance with the National Do Not Call List or any internal do not call list;

(6)    Defendant's involvement in the processing of Stop requests and similar commands;

(7)    The content and purpose of the text messages;

(8)    Whether Defendant's actions constitute willful violations of the TCPA; and

(9)    Any prior express written consent.

Given the complexity of the case, Plaintiff requests that the Court enter a scheduling order allowing for a ten (10) month discovery period. Discovery should proceed with respect to both class certification and merits issues with a proposed end date of June 30, 2020. The first eight months will be devoted to fact discovery and the last two months will be devoted to expert discovery. Following this discovery period the Parties would brief class certification. After a ruling on class

certification the Court would hold a subsequent case management conference to discuss setting dates for dispositive motions, the pre-trial conference, and the trial.

Defendant's Position:

CallFire maintains that Plaintiff's proffered scope of discovery is impermissibly broad and impracticable. CallFire does not itself send text messages, but rather it provides telephony services to businesses and others to initiate the voice and text communications of their choosing to recipients of their choice. CallFire agrees to make all reasonable efforts to provide responsive information and data—as required by the Federal Rules of Civil Procedure and applicable law—that involve the text message received by Plaintiff as well as any third party subscribers to Defendant's software platform that utilized Plaintiff's cellular phone number when making text messages or phone calls.

CallFire disagrees that the case is complex, but does not object to Plaintiff's proposed timeline. CallFire, however, remains fully ready to comply with the schedule identified in the Court's August 8, 2019 Order setting trial for December 10, 2019.

**9.   Expert Discovery**

Plaintiff's Position: Plaintiff proposes that Initial Expert Reports shall be served no later than April 30, 2020, and Rebuttal Expert Reports shall be served no later than May 30, 2020. Further, Plaintiff proposes that all expert discovery shall be completed on or before June 30, 2020. Plaintiff anticipates the need for an expert regarding Defendant's dialing system and its involvement in the processing of opt out requests (Stop requests or similar commands).

Defendant's Position: CallFire has no objection to Plaintiff's proposed timeline. CallFire, however, remains ready to follow the schedule in the Court's August 8, 2019 Order.

**10.   Dispositive Motions**

Plaintiff's Position: Plaintiff anticipates filing a motion for summary judgment on some or all of the class's claims. First the Court must determine whether the case should proceed on an individualized or a class basis.

Defendant's Position: CallFire intends to file a motion for summary judgment on all claims.

**11.    Alternative Dispute Resolution ("ADR") Procedure Selection**

The parties agree to select ADR Procedure No. 3 – private mediation.

**12.    Settlement Efforts**

The Parties have discussed the possibility of settlement and anticipate that they will continue to discuss the potential for resolving the case. At this time, the Parties do not request Court assistance with settlement talks other than the setting of a deadline to complete private mediation.

**13.    Preliminary Trial Estimate**

Plaintiff's Position: Plaintiff has made a jury demand. Plaintiff expects that trial in this case will take approximately 5-7 days. Plaintiff expects that he will testify at trial and will likely call Defendant's corporate representative to testify. Additional fact witnesses are likely to become known throughout the discovery process. Further, Plaintiff anticipates that one or more expert witnesses may be necessary.

Defendant's Position: CallFire anticipates that trial will last no more than five days.

**14.    Trial Counsel**

Plaintiff's Trial Counsel: Steven L. Woodrow and Taylor T. Smith.

Defendant's Trial Counsel: Michael B. Hazzard and Cheryl L. O'Connor.

**15.    Independent Expert of Master**

The parties agree that this case is not suitable to the appointment of an Independent Expert or Master.

**16.     Procedures for Handling the Inadvertent Disclosure of Privileged Information**

The parties anticipate entering into a protective order, which will address the handling of inadvertent disclosure of privileged information, which the Parties will file concurrent with this Joint Status Report.

**17.     Other Issues**

Plaintiff's Position: Plaintiff proposes that all motions to add parties and amend the pleadings be filed on or before 150 days after the date of the scheduling conference. The additional time is necessary to enable the parties to engage in discovery regarding whether additional parties may also be liable for the texts to Plaintiff. The additional time will allow Plaintiff to receive responses to discovery and effectuate any subpoenas that may be necessary. The Plaintiff also requests that any current deadline for moving for class certification be moved in accordance with the 10 month discovery schedule outlined herein.

Defendant's Position: CallFire does not object to Plaintiff's proposed timeline.

Respectfully Submitted,

**LEE WIGOD**, individually and on behalf of all others similarly situated,

Dated: August 13, 2019          By: /s/ Steven L. Woodrow

Aaron D Aftergood
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: 310-551-5221
Facsimile: 310-496-2840

Steven L. Woodrow (*pro hac vice*)
    swoodrow@woodrowpeluso.com
Taylor T. Smith (*pro hac vice*)
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes


**CALLFIRE, INC.**,

Dated: August 13, 2019        By:   /s/ Michael B. Hazzard

Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone:   (949) 851-3939
Facsimile:   (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone:   +1.202.879.3939
Facsimile:   +1.202.626.1700

Counsel to Defendant
CALLFIRE, INC.

**SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that Defendant's counsel concurs with the content of this document and has authorized me to affix his signature to the document and file the same with the Court.

/s/ Steven L. Woodrow

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 13, 2019.

/s/ Steven L. Woodrow