Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

*Counsel for Defendant CALLFIRE, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEE WIGOD, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC.,<br><br>Defendant. | Case No. 2:19-cv-02874-SVW-MAA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**CALLFIRE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint filed: April 15, 2019 |

Defendant CallFire, Inc. ("CallFire" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff Lee Wigod's ("Wigod" or "Plaintiff") Class Action Complaint ("Complaint") and answers the corresponding numbered paragraphs of the Complaint as follows:

## PARTIES

1. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies the allegations.
2. CallFire admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1410 2nd Street, Suite 200, Santa Monica, California 90401. The remaining allegations contained in paragraph 2 contain legal conclusions to which no response is required.

## JURISDICTION AND VENUE

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.
4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

## COMMON FACTUAL ALLEGATIONS

5. CallFire admits the allegations contained in paragraph 5.
6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 6.
7. Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 7.

8. CallFire lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8, and thus denies the allegations.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 10.

## FACTS SPECIFIC TO PLAINTIFF WIGOD

11. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11, and therefore denies the allegations.

12. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and therefore denies the allegations.

13. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and therefore denies the allegations.

14. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies the allegations.

15. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and therefore denies the allegations.

16. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and therefore denies the allegations.

17. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and therefore denies the allegations.

18. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies the allegations.

19. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies the allegations.

20. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20, and therefore denies the allegations.

21. Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21, and therefore denies the allegations.

22. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22, and therefore denies the allegations.

23. Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23, and therefore denies the allegations.

24. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies the allegations.

25. Paragraph 25 contains no factual allegations to which a response is required. To the extent a response is deemed required, CallFire states that paragraph 25 purports to cite selected portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

26. Paragraph 26 contains no factual allegations to which a response is required.  To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies the allegations.

## CLASS ALLEGATIONS

27. Paragraph 27 contains no factual allegations to which a response is required.  To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies the allegations.

28. Paragraph 28 contains no factual allegations to which a response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies the allegations.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 29.

30. Paragraph 30 contains no factual allegations to which a response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies the allegations.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies the allegations.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 32.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 33.

34. Paragraph 34 contains no factual allegations to which a response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies the allegations.

## **FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Stop Call Class)**

35. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies the allegations.

36. CallFire denies the allegations contained in paragraph 36.

37. CallFire denies the allegations contained in paragraph 37.

38. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and therefore denies the allegations.

39. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies the allegations.

40. CallFire denies the allegations contained in paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore denies the allegations.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies the allegations.

43. Paragraph 43 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 43.

44. Paragraph 44 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 44.

45. Paragraph 45 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 45.

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 46.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the DNC Registry Class)

47. CallFire lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47, and therefore denies the allegations.

48. Paragraph 48 contains no factual allegations to which a response is required. To the extent a response is deemed required, CallFire states that paragraph 48 purports to cite selected portions of the United States Code and respectfully refers the Court to the applicable statute for its full language and context.

49. Paragraph 49 contains no factual allegations to which a response is required. To the extent a response is deemed required, CallFire states that paragraph 49 purports to cite selected portions of the Code of Federal Regulations and respectfully refers the Court to the applicable regulations for their full language and context.

50. Paragraph 50 contains no factual allegations to which a response is required. To the extent a response is deemed required, CallFire states that paragraph 50 purports to cite selected portions of the Code of Federal Regulations and respectfully refers the Court to the applicable regulations for their full language and context.

51. Paragraph 51 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 52.

53. Paragraph 53 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 53.

54. Paragraph 54 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 54.

55. Paragraph 55 contains a legal conclusion to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, CallFire denies the allegations contained in paragraph 57.

### REQUESTS FOR RELIEF

The remainder of the Complaint is a request for relief to which no response is required. To the extent a response is required, CallFire denies that Plaintiff or the members of the putative class are entitled to any of the relief sought. CallFire requests that this Court enter an order dismissing Plaintiff's claims, with prejudice, and awarding costs of suit to CallFire.

### GENERAL DENIAL

CallFire denies any allegation that was not expressly admitted above.

### AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Class Action Complaint, CallFire raises the

following affirmative defenses. CallFire reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. CallFire reserves the right to amend or supplement its affirmative defenses. In raising these affirmative defenses, CallFire does not admit any of Plaintiffs' allegations, nor does it assume any burden of proof that it would not otherwise bear.

### FIRST AFFIRMATIVE DEFENSE
### (INDEMNIFICATION AND CONTRIBUTION)

1. The purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom CallFire had neither control nor responsibility, or of Plaintiff himself. To the extent CallFire has any liability, that liability must be satisfied by the other parties or third parties at fault.

### SECOND AFFIRMATIVE DEFENSE
### (NO COGNIZABLE INJURY)

2. Plaintiff and/or others alleged to be members of the putative class have sustained no cognizable injury or damages.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO RECEIVE ALLEGED TEXT MESSAGES)

3. Plaintiff and/or others alleged to be members of the putative class cannot claim a Telephone Consumer Protection Act ("TCPA") violation because they did not receive the text messages that were allegedly sent.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE OF REPRESENTATIVE PARTY TO PROTECT THE INTERESTS OF THE CLASS)

4. The claims of Plaintiff and/or putative class members fail because Plaintiff fails to fairly and adequately protect the interests of the class.

### FIFTH AFFIRMATIVE DEFENSE
### (VIOLATION OF CALLFIRE'S TERMS OF SERVICE)

5. CallFire has no liability for any text messages allegedly received by Plaintiff or other putative class members because, in sending any text messages in violation of the law, third parties violated CallFire's Terms of Service.

### SIXTH AFFIRMATIVE DEFENSE
### (CONSENT)

6. The claims of Plaintiff and/or others alleged to be putative class members fail to the extent they consented to receive the alleged text messages at issue.

### SEVENTH AFFIRMATIVE DEFENSE
### (MANDATORY ARBITRATION)

7. Some or all of those alleged to be members of the putative class may not prosecute their claims in this Court to the extent those claims are subject to mandatory contractual arbitration.

### EIGHTH AFFIRMATIVE DEFENSE
### (RIGHT TO DUE PROCESS)

8. Awarding Plaintiff and/or others alleged to be putative class members the relief sought in the Complaint would violate CallFire's right to due process under the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

9. The claims by some or all of those alleged to be putative class members are barred by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE
### (PAYMENT)

10. The claims of Plaintiff and/or others alleged to be putative class members are barred, in whole or in part, by payment, setoff, and/or recoupment.

### ELEVENTH AFFIRMATIVE DEFENSE
### (ACCORD AND SATISFACTION)

11. The claims of Plaintiff and/or others alleged to be members of the putative class are barred in whole or in part by the doctrine of accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

12. Plaintiff and/or others alleged to be members of the putative class lack standing to assert some or all of the claims stated in the Complaint and to seek some or all of the relief requested.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

13. The claims of Plaintiff and/or others alleged to be putative class members fail because Plaintiff or others alleged to be putative class members failed to take reasonable steps to mitigate their alleged damages, if any, and their recovery must be barred or diminished accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

14. Claims by Plaintiff and/or others alleged to be members of the putative class are barred in whole or in part by the doctrine of unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (WAIVER)

15. Plaintiff and/or others alleged to be members of the putative class, by their acts and conduct, have waived any and all claims they have against CallFire.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

16. Claims by Plaintiff and/or others alleged to be members of the putative class are barred in whole or in part by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (LACHES)

17. Claims by Plaintiff and/or others alleged to be members of the putative class are barred in whole or in part by the doctrine of laches.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 22, 2019 | Respectfully submitted, |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Michael B. Hazzard* |
| 6 | | Cheryl L. O'Connor (SBN. 173897)<br>coconnor@jonesday.com |
| 7 | | Ann T. Rossum (SBN. 281236)<br>atrossum@jonesday.com |
| 8 | | JONES DAY<br>3161 Michelson Drive, Suite 800 |
| 9 | | Irvine, California 92612-4408<br>Telephone:  (949) 851-3939<br>Facsimile:   (949) 553-7539 |
| 10 | | |
| 11 | | Michael B. Hazzard (*pro hac vice*)<br>mhazzard@jonesday.com |
| 12 | | JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001.2113 |
| 13 | | Telephone:    (202) 879-3939<br>Facsimile:     (202) 626-1700 |
| 14 | | |
| 15 | | Counsel to Defendant<br>CALLFIRE, INC. |