**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Classes*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lee Wigod, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CallFire, Inc., a Delaware corporation,<br><br>Defendant. | Case No. 2:19-cv-02874-SVW-MAA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VACATE TRIAL DATES AND FOR EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION**<br><br>Date: October 21, 2019<br>Time: 1:30 p.m.<br>Judge: Stephen V. Wilson<br>Courtroom: 10A<br>Complaint Filed: April 15, 2019 |

PLEASE TAKE NOTICE that on Monday, October 21, 2019 at 1:30 p.m., or as soon thereafter as counsel may be heard, counsel for Plaintiff Lee Wigod

PLAINTIFF'S MOTION TO VACATE TRIAL DATES AND FOR EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION  1

("Plaintiff" or "Wigod") shall appear before the Honorable Stephen V. Wilson or any judge sitting in his stead in Courtroom 10A of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California 90012 and present Plaintiff's Unopposed Motion to Vacate Trial Dates and For Extension of Time to Move for Class Certification.

Plaintiff's counsel conferred with counsel for Defendant on this motion; though CallFire initially indicated that it would not oppose an extension, Defendant objected to Plaintiff's characterization of the discovery disagreement, and the parties were unable to find mutually agreeable language that would demonstrate cause for this motion. As a result, and after an effort by Plaintiff to soften the language herein, Defendant has expressed its intent to oppose the Motion.

In support of the Motion, Plaintiff states as follows:

1. Plaintiff filed the instant lawsuit on April 15, 2019. (Dkt. 1)

2. On April 29, 2019, Defendant CallFire, Inc. ("Defendant" or "CallFire") was served, resulting, by operation of Local Rule 23-3, in a 90-day deadline to move for class certification, falling on July 29, 2019.

3. On May 17, 2019, Plaintiff moved for an extension of time to file its motion for class certification, and the Court granted a partial extension, setting the current deadline of October 28, 2019.

4. On August 8, 2019 the Court issued an Order denying CallFire's Motion to Dismiss and set a jury trial for December 10, 2019 and a pre-trial deadline of December 2, 2019. (Dkt. 27.)

5. The class certification deadline imposed under Local Rule 23-3 may be moved by Order of the Court. *See* L.R. 23-3.

6. As set forth in the Joint Report of Rule 26(f) Discovery Plan filed by the Parties on August 13, 2019 (dkt. 29), Plaintiff respectfully requests a ten (10)

month period to complete all fact and expert discovery. The first eight months will be devoted to fact discovery and the last two months will be devoted to expert discovery. The deadline to complete discovery would be June 30, 2020. Following this discovery period, the Parties would brief class certification, starting with Plaintiff's Motion for Class Certification to be filed no later than July 14, 2020 (followed thereafter by CallFire's Response and Plaintiff's Reply).

7. Following a ruling on class certification the Court would hold a subsequent case management conference to discuss setting dates for dispositive motions, the pre-trial conference, and the trial.

8. In the time since the Court granted Plaintiff's previous Motion for Extension, the parties have diligently pursued discovery in this case. (*See* Declaration of Steven L. Woodrow ("Woodrow Decl."), attached hereto as Exhibit A, at ¶ 4.)

9. Plaintiff served written discovery requests on Defendant on July 31, 2019, and Defendant responded to those requests on August 30, 2019. (Woodrow Decl. ¶ 5.)

10. Defendant's responses, however, have not provided sufficient information related to the class and the considerations of Rule 23 to enable Plaintiff to meaningfully move for class certification. (Woodrow Decl. ¶ 6.)

11. Indeed, Defendant has objected to all of Plaintiff's discovery requests that seek information pertaining to the class, which will necessitate meet and confers and, potentially, motion practice. (Woodrow Decl. ¶ 7–9.)

12. On September 6, 2019, one week after receiving CallFire's responses to the written discovery, Plaintiff served a 10-page meet and confer letter contesting CallFire's objections and outlining the pending issues. The parties have since

scheduled a time to meet and confer on September 20, 2019.[1] (Woodrow Decl. ¶ 10.)

13. Absent discovery regarding the proposed class and the factors to be considered under Rule 23, Plaintiff cannot gather the evidence necessary to present the Court with an adequate record upon which it can fairly determine whether certification should be granted here. Put simply, Plaintiff requests additional time to resolve Defendant's objections and to continue diligently pursuing class discovery.

14. Because the requested extension of time to move for class certification would result in a deadline occurring after the trial and pre-trial dates set by the Court on August 8, 2019, Plaintiff necessarily requests that the current trial date (December 10, 2019) and pre-trial date (December 2, 2019) be vacated. Likewise, Plaintiff respectfully requests that trial and pre-trial dates be set by the Court following a Rule 16 conference.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order vacating the current trial and pre-trial dates and extending the deadline for Plaintiff to move for class certification until July 14, 2020. Alternatively, and at the very least, Plaintiff respectfully requests an Order extending the deadline to move for class certification by an additional 90 days, or until January 28, 2020.

Respectfully submitted,

---

[1] The parties initially scheduled a telephonic meet and confer for September 17, 2019. As the result of a docketing error, counsel for Plaintiff did not call in, and the parties agreed to reschedule for September 20, 2019. This note is included at CallFire's request, but it does not evidence any party's lack of diligence.

PLAINTIFF'S MOTION TO VACATE TRIAL DATES AND FOR EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION  4

Dated: September 18, 2019

**LEE WIGOD**, individually and on behalf of all others similarly situated,

By: /s/ Steven L. Woodrow
     One of Plaintiff's Attorneys

**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*

### CERTIFICATE OF SERVICE

    The undersigned, Steven L. Woodrow, hereby certifies that a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's ECF system on September 18, 2019.

/s/ Steven L. Woodrow