Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone: (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for Defendant CALLFIRE, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEE WIGOD, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC.,<br><br>Defendant. | Case No. 2:19-cv-02874-SVW-MAA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE TRIAL DATES AND FOR EXTENSION OF TIME TO MOVE FOR CLASS CERTIFICATION**<br><br>Hearing Date:  October 21, 2019<br>Time:             1:30 P.M.<br>Place:            10A<br><br>Complaint filed: April 15, 2019 |

# INTRODUCTION

The Court should deny Plaintiff's Motion. The facts demonstrate that any limitations that Plaintiff faces are of his own making, particularly in light of the lengthy extension already granted. Plaintiff further makes no effort to articulate with any meaningful specificity what discovery he believes he needs, thus facially failing to satisfy this Court's standard for granting the requested extensions of time. Accordingly, CallFire submits that the Motion should be rejected.

# FACTS

Plaintiff filed this action on April 15, 2019 and already once extended his deadline to file a Motion for Class Certification by three months—yet he now seeks another extension of nearly *nine* months without providing any meaningful justification.

Plaintiff's initial deadline for filing for class certification was July 29, 2019. ECF No. 14, at 2; *see also* United States District Court Central District of California Local Civil Rules L.R. 23-3 [hereinafter L.R.]. On May 17, 2019—over a month after filing his Complaint—Plaintiff moved this Court to extend his deadline to file for class certification by six months, which CallFire did not oppose. ECF No. 14, at 2. In that Motion, Plaintiff gave no cause for extending the deadline, other than that CallFire had not yet responded to the Complaint and "no discovery has begun." *Id.* On May 29, the Court granted an extension, but only for three months—extending Plaintiff's deadline to October 28, 2019. ECF No. 19.

Plaintiff has not made good use of his three month extension. During that time, Plaintiff sought, ECF No. 20, and received, ECF No. 23, a three week extension to respond to CallFire's Motion to Dismiss. Plaintiff did not make any effort to start the discovery he claimed was needed until the Rule 26(f) conference on July 30, 2019—held the day *after* Plaintiff's Motion for Class Certification originally would have been due and over three months after the Complaint was

filed.[1]  *See* Declaration of Michael B. Hazzard ¶¶ 4–5 [hereinafter Hazzard Dec.].

Indeed, Plaintiff did not serve his first set of discovery requests until July 31, 2019.  ECF No. 29, at 6.  CallFire timely responded on August 30, 2019, but Plaintiff waited for a week to send a letter requesting a meet and confer.  *See* ECF No. 33, at 3; Hazzard Dec. ¶¶ 6–7.  Thereafter, CallFire proposed, and Plaintiff's counsel agreed, to a date and time for that meet and confer.  *See* Hazzard Dec. ¶ 8.  Plaintiff's counsel without notice failed to attend, forcing CallFire to reschedule.  *See* ECF No. 33, at 4 n.1; Hazzard Dec. ¶ 8.  CallFire has since agreed to provide supplemental responses to Plaintiff's discovery requests and will do so as agreed by the parties.  *See* Hazzard Dec. ¶ 9.

On September 18, 2019—five months after filing his Complaint and nearly two months after the original deadline to file for class certification—Plaintiff sought the instant extension of that deadline for an additional nine months, now pending before the Court.  *See* ECF No. 33, at 4.[2]  Under Plaintiff's proposal, he would not have to file for class certification until his Complaint has been pending for 15 months and nearly a *year* after the original Local Rule 23-3 deadline.  Further, despite knowing about the Court's scheduled trial date since August 8, 2019, Plaintiff has made no effort to seek relief from that date until now.  *See* ECF No. 28.  The only fact even tangentially bearing on cause to move these deadlines is Plaintiff's vague assertion that, despite the parties' "dilgent[]" pursuit of discovery, "[a]bsent discovery regarding the proposed class and the factors to be considered under Rule 23, Plaintiff cannot gather the evidence necessary to present the Court

---

[1] While CallFire received an extension of a few days to conduct an initial investigation and respond to Plaintiff's Complaint, that extension in no way impacted Plaintiff's desired discovery concerning the sustainability of a class action.  *See* ECF No. 12.

[2] CallFire notes that while Plaintiff did discuss his Motion with CallFire, he did not follow the procedure required by Local Rule 7-3.  Plaintiff previously mentioned seeking a second extension of his deadline for filing for class certification, but he did not confer with CallFire about this specific Motion at least seven days prior to filing it.  *See* Hazzad Dec. ¶ 10; L.R. 7-3.  Further, he did not include the certification statement required by that Rule.  *See* L.R. 7-3.  That failure alone permits the court to "decline to consider [the] motion."  L.R. 7-4.

1  with an adequate record upon which it can fairly determine whether certification
2  should be granted here." ECF No. 33, at 3–4.
3       The Court before has rejected Plaintiff's claims to excessive extensions of
4  time. *See* ECF No. 19 (only granting three month extension when Plaintiff
5  requested a six month extension). Having already received a 90 day extension,
6  double the amount of time contemplated by Local Rule 23-3, and providing no
7  cause why the Court should extend the deadline by another nine months, the Court
8  should deny Plaintiff's latest extension.

## ARGUMENT

### I.   LEGAL STANDARD

The Federal Rules of Civil Procedure and Ninth Circuit case law require extensions of time be justified by "good cause." Fed. R. Civ. Pro. 6(b)(1)(A); *Verner v. Swiss II, LLC*, 2010 WL 99084, at *1 (C.D. Cal. Jan. 6, 2010). Good cause to extend the class certification deadline established by Local Rule 23-3 does not include time to take discovery on class allegations, absent "specific[]" discovery sought by Plaintiff to prove the requirements of Fed. R. Civ. Pro. 23. *La Fleur v. Medical Management Int'l Inc.*, 2013 WL 12149179, at *1 (C.D. Cal. April 11, 2013); *Dake v. Receivables Performance Management, LLC*, 2012 WL 12894006, at *4 (C.D. Cal. Nov. 30, 2012); *Parker v. FedEx Nat'l LTL, Inc.*, 2011 WL 11671754, at *1 (C.D. Cal. April 11, 2011).

In addition to showing good cause, a party moving for a continuance to a trial date must demonstrate "diligent work by the party seeking delay and . . . prejudice that may result from the denial of a continuance." Judge Wilson's New Case Order, ECF No. 9, ¶ 7 ("Per Local Rule 16.9, continuances are granted only upon a showing of cause, focusing particularly upon evidence of diligent work by the party seeking delay and of prejudice that may result from the denial of a continuance. . . . This Court sets <u>firm</u> trial dates and will not change them without a showing of good cause."); *see also* L.R. 16.9.

## II. PLAINTIFF SHOWS NEITHER GOOD CAUSE NOR PREJUDICE

The only offering Plaintiff makes that hints at "good cause" for an extension is a vague request for discovery on class issues. Plaintiff does not identify what he hopes that discovery will reveal, nor does he make specific requests as to what discovery will further his motion for class certification. That general request does not rise to the level of good cause and requires that Plaintiff's Motion be dismissed.

Courts in this district have previously denied extensions of time under similar facts. *See, e.g.*, *Robertson v. FedEx Nat. Ltl, Inc.*, 2010 WL 10020690 (C.D. Cal. Jan. 5, 2010); *Parker*, 2011 WL 11671754. In *Robertson*, the plaintiff argued that "'it is virtually impossible to fit' pre-certification discovery within the 90-day period prescribed by L.R. 23-3." 2010 WL 10020690, at *7. The Court concluded that the plaintiff's argument was "irrelevant and [had] no merit." *Id.*

Even more on point, the plaintiff in *Parker*, much like Plaintiff here, sought "not a few additional days, a few additional weeks, or even a few additional months . . . but nearly ten additional months" to file for class certification. 2011 WL 11671754, at *3. The *Parker* plaintiff argued that he "diligently managed and prosecuted this action," but he did not "cite . . . specific activity to support that conclusion." *Id.* at *7. The court concluded that Parker "has had more than ten months—and seeks nearly another ten months—to file a certification motion. Parker has not shown even minimal diligence." *Id.* Here, Plaintiff, under an already extended schedule, will have had six months to file for class certification, but he seeks another nine months without showing "specific activity" to justify such a long extension.

Cases that have found good cause to extend a class certification deadline have rested on the fact that the plaintiff provided specific justifications of what information he hoped to uncover in discovery that would help him define his class—a notably absent fact here. *See, e.g.*, *La Fleur*, 2013 WL 12149179; *Dake*, 2012 WL 12894006. The *La Fleur* plaintiff "[s]pecifically" sought, among other

1  things "(1) discovery of Defendant's payroll records and a deposition of Defendant's
2  payroll personnel to determine whether Defendant miscalculated the regular rate of
3  pay, and (2) evidence regarding communication with potential class members
4  regarding off-the-clock work." *La Fleur*, 2013 WL 12149179, at \*2.  The court
5  found that the "discovery sought by Plaintiff may go towards demonstrating the
6  requirements, including commonality and typicality, of FRCP 23(a)" and thus
7  granted the extension.  *Id.*

8  Here, Plaintiff includes no specific discovery requests.  Rather, his general
9  plea for vague discovery goes towards nothing specific in Federal Rule of Civil
10 Procedure 23.  As such, consistent with prior case law, Plaintiff has shown no good
11 cause for an extension.

12 As Plaintiff cannot show good cause to extend his time to file for class
13 certification, he certainly cannot meet the higher standard necessary for a
14 continuance of trial dates.  Such a continuance requires a showing of diligence by
15 Plaintiff and "prejudice that may result from the denial of a continuance." ECF No.
16 9, ¶ 7.  Plaintiff cannot show diligence.  He has consistently sought extensions of
17 deadlines, failed to appear for at least one scheduled meet and confer, and delayed
18 in taking discovery.  Moreover, totally absent from Plaintiff's present Motion is any
19 mention, or even description, of prejudice.  *See* ECF No. 33.  CallFire can see no
20 prejudice that results from adhering to the—already extended—schedule set by this
21 Court's orders and the Local Rules.  If there is any prejudice here, it is of Plaintiff's
22 own making and for which he should receive no award.  In any event, Plaintiff has
23 the burden to show prejudice, and he has failed even to mention it.
24 ///
25 ///
26
27
28

## **CONCLUSION**

For each of the foregoing reasons, CallFire, Inc. respectfully requests that this Court deny Plaintiff's Motion to Vacate Trial Dates and For Extension of Time to Move for Class Certification in its entirety.

Dated: September 30, 2019

Respectfully submitted,

By: */s/ Michael B. Hazzard*
Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:   (202) 879-3939
Facsimile:    (202) 626-1700

Counsel to Defendant
CALLFIRE, INC.