1. Cheryl L. O'Connor (SBN. 173897)
coconnor@jonesday.com
2. Ann T. Rossum (SBN. 281236)
atrossum@jonesday.com
3. JONES DAY
3161 Michelson Drive, Suite 800
4. Irvine, California 92612-4408
Telephone:  (949) 851-3939
5. Facsimile:   (949) 553-7539

6.

7. Michael B. Hazzard (*pro hac vice*)
mhazzard@jonesday.com
Mathew W. Hoffmann (*pro hac vice*)
8. mhoffmann@jonesday.com
JONES DAY
9. 51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
10. Telephone: (202) 879-3939
Facsimile:  (202) 626-1700

11.

12. *Counsel for Defendant CALLFIRE, INC.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEE WIGOD, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CALLFIRE, INC.,<br><br>Defendant. | Case No. 2:19-cv-02874-SVW-MAA<br><br>Assigned to Hon. Stephen V. Wilson<br><br>**DEFENDANT'S CALLFIRE, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN CONNECTION WITH ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Complaint filed: April 15, 2019 |

## I. INTRODUCTION

Pursuant to Local Rule 79-5.2.2, Defendant CallFire, Inc. submits this Application requesting the Court seal narrowly tailored excerpts of its concurrently filed Motion for Summary Judgment and supporting documents. Those excerpts—limited to subscriber names and account numbers—comprise only a handful of words in CallFire's filing. As set forth in the supporting Declaration of Jagannathan Thinakaran and below, the public disclosure of these CallFire subscribers would cause it significant business harm. CallFire respectfully requests the Court seal the narrow excerpts contained in its Motion for Summary Judgment, including discrete portions of (1) CallFire's Memorandum of Points and Authorities in support of its Motion for Summary Judgment; (2) CallFire's statement of uncontroverted facts and conclusions of law; (3) the Declaration of Jagannathan Thinakaran filed in support of CallFire's Motion for Summary Judgment; and (4) Exhibits 8-9 attached to the Declaration of Jagannathan Thinakaran in support of CallFire's Motion for Summary Judgment. Plaintiff does not oppose this Application. (Declaration of Michael Hazzard, ¶ 2.)

## II. LEGAL STANDARD

In the Ninth Circuit, the "compelling reasons" standard applies to requests to seal "dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Under this standard, the compelling reasons for sealing must be supported by "specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Id.* at 1178–79 (citation omitted). It is well settled in this Circuit that a court may order sealing to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *In re Elect. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 495 U.S. 589, 598 (1978); *see also In re Conagra Foods, Inc.*, Case

No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *5 (C.D. Cal. July 11, 2014) ("[A] company's internal strategies, marketing research, sales data, and product development plans provide compelling reasons to seal.").

### III.   ARGUMENT

#### A. Compelling Reasons Support Sealing The Identified Material

Compelling reasons support sealing the narrowly tailored portions of CallFire's motions and supporting documents that reflect its subscriber names and account numbers because their public disclosure could cause CallFire both reputational and competitive harm. (Thinakaran Decl., ¶ 3.) CallFire invests significant time and resources in developing its subscriber base. (*Id.*) Indeed, that significant subscriber base has contributed to its success and competitive advantage, and is at the heart of its business. (*Id.*) But the disclosure of CallFire's subscriber names and account numbers in this litigation could directly result in reputational harm and a loss in subscribers for CallFire. (*Id.*) Indeed, the subscribers may be less inclined to conduct business with CallFire after disclosure of their names in the context of this litigation. (*Id.*) But even more, the disclosure of the at-issue subscriber names and account numbers, which have not been previously publicly disclosed by CallFire, could be used by CallFire's business competitors to gain an unfair competitive advantage by circumventing the time and resources necessary for those competitors to develop their own subscriber base. (*Id.*, ¶ 5.) Specifically, competitors could target these CallFire subscribers and solicit their business. (*Id.*) And therefore the disclosure of CallFire's subscriber names and account numbers would inevitably impact CallFire's competitive advantage and its ability to thrive in the marketplace. (*Id.*) The significant threat of reputational and competitive harm are compelling reasons to protect the CallFire subscriber names and account numbers at issue from public disclosure.

### B. CallFire's Interests Outweigh the Public's Right of Access

The compelling reasons articulated above far outweigh the public's right of access to the information. As an initial matter, CallFire's request for sealing is narrow, limited to a handful of words in its filings—CallFire's subscriber names and account numbers. Further, those account numbers and subscriber names offer little, if any, benefit to the public and will not provide further insight into the judicial process. CallFire's narrowly tailored redactions do not undermine the public's ability to ascertain its position on the claims at issue or key facts. As such, given the significant prejudice CallFire would suffer from the public disclosure of its subscriber's names and account numbers, CallFire's interests outweigh the public's right of access to the materials at issue.

### IV.   CONCLUSION

For the foregoing reasons, CallFire respectfully requests the Court grant CallFire leave to file under seal narrowly tailored portions of its motion for summary judgment and supporting documents.

| | | |
|---|---|---|
| 1 | Dated: October 28, 2019 | Respectfully submitted, |
| 4 | | By: */s/ Michael B. Hazzard* |
| | | Cheryl L. O'Connor (SBN. 173897) |
| | | coconnor@jonesday.com |
| | | Ann T. Rossum (SBN. 281236) |
| | | atrossum@jonesday.com |
| | | JONES DAY |
| | | 3161 Michelson Drive, Suite 800 |
| | | Irvine, California 92612-4408 |
| | | Telephone:  (949) 851-3939 |
| | | Facsimile:   (949) 553-7539 |
| | | |
| | | Michael B. Hazzard (*pro hac vice*) |
| | | mhazzard@jonesday.com |
| | | Mathew W. Hoffmann (*pro hac vice*) |
| | | mhoffmann@jonesday.com |
| | | JONES DAY |
| | | 51 Louisiana Avenue, N.W. |
| | | Washington, D.C.  20001.2113 |
| | | Telephone:    (202) 879-3939 |
| | | Facsimile:     (202) 626-1700 |
| | | |
| | | Counsel to Defendant |
| | | CALLFIRE, INC. |